**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donnie TUNSTALL, Defendant–**
**Appellant.**

No. 01–3515.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2002.

Before MARTIN, Chief Judge; RYAN, Circuit Judge; and COHN, District

Judge.*

## ORDER

Donnie Tunstall pleaded guilty to armed bank robbery and using a firearm during a crime of violence, violations of 18 U.S.C. §§ 924(c)(1) and 2133. On May 9, 2001, he was sentenced to a total of 240 months of imprisonment and five years of supervised release. It is from this judgment that Tunstall now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

We review the district court's legal conclusions *de novo* and examine its factual findings for clear error. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000).

■ Tunstall first argues that his sentence was improperly enhanced for discharging a firearm while he was exiting the bank. He argues that the enhancement violated the relevant conduct provisions of USSG § 1B1.3, as the discharge of his sawed-off shotgun was accidental and § 1B1.3 requires specific volition or actual intent. This argument is unavailing because there is no indication that the district court enhanced Tunstall's sentence under § 1B1.3. Instead, it appears that the court properly based the statutory sentence for his firearm offense on 18 U.S.C. § 924(c)(1)(A)(iii), which provides for a minimum term of ten years of imprisonment if a firearm is discharged. The application of § 924(c)(1)(A)(iii) does not expressly require a specific intent to discharge the weapon. It also appears that a ten-year minimum was otherwise justified because Tunstall possessed a short-barreled shotgun during the robbery. *See* 18 U.S.C. § 924(c)(1)(B)(i).

Tunstall next argues that the district court over-represented his criminal history by assigning him criminal history points based on the assumption that he had been granted "unconscionable leniency" in the past. Thus, he argues that the district court failed to give adequate deference to the courts that had sentenced him in the past. As Tunstall did not raise this claim in the district court, he must show that it involves plain error which affects his substantial rights. *See United States v. Krimsky*, 230 F.3d 855, 858 (6th Cir.2000). He has not met that burden here.

■ In rejecting this argument, we note that the district court did not increase Tunstall's criminal history category. Instead, the court merely observed that a downward departure would not be warranted because of the lenient treatment that he had received in the past. The court was plainly aware of its discretion to grant a downward departure in appropriate cases, and its decision not to exercise that discretion is not reviewable on appeal. *See Henderson*, 209 F.3d at 618.

■ Finally, Tunstall argues that his firearm sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Again, this claim is reviewed for plain error because it was not raised in the district court. *See Krimsky*, 230 F.3d at 858. The court did not commit plain error here because discharging a firearm merely rais-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michi- gan, sitting by designation.

es the minimum sentence that is required under 18 U.S.C. § 924(c)(1)(A)(iii), and it is now clear that the holding in *Apprendi* applies only to sentencing factors that raise the statutory maximum, rather than the minimum sentence that is required by statute. *See Harris v. United States,* —— U.S. ——, —— – ——, 122 S.Ct. 2406, 2414–19, 153 L.Ed.2d 524 (2002).

Accordingly, the district court's judgment is affirmed.